## Z. M. GRIFFIN v. W. B. WILSON ET AL.

1. A purchaser of a tract of land by metes and bounds from one party to a partition suit, pending the proceeding, should not be allowed to intervene therein.

2. A purchaser from a tenant in common of a tract by metes and bounds could intervene in a suit for partition of the lands, on showing that he was a *bona fide* purchaser, or by setting up other equities, such as valuable improvements, which could only be adjusted by such intervention.

APPEAL from Ellis. Tried below before the Hon. Hardin Hart.

This was a suit brought in 1868 by Wilson and wife against Mary M. Dunnovant *et al.*, for the partition of a large amount of lands. Mrs. Dunnovant had disposed of, by metes and bounds, forty acres of the land to Z. M. Griffin, and she answered in substance that she has one hundred and eighty-six acres left out of three surveys in which she had made sales, besides the forty acres, that were equal in value per acre to the forty acres; and asked that the commissioners of partition take into consideration the value of said land; and if the forty acres were of greater value than the balance of the tract, that the difference be made up to the parties interested, out of the remainder of said land, so that there be an equal and equitable division of the same; or that the commissioners determine the differences in value, and that the commissioners hear proof as to its value, in order to a fair and equitable division.

Z. M. Griffin, who claimed under Mrs. Dunnovant, intervened, and said, in substance, that he purchased said land in 1869, and at the time did not know but that Mrs. Dunnovant owned the entire tract. He alleged that the forty-acre tract was not more than an average in quality and value of the balance of the tract; that he had made

valuable improvements, in good faith; and asked that in the partition said land be set apart to Mrs. Dunnovant; and if that were refused, that he have judgment for his purchase money and the value of his improvements.

Plaintiff demurred to these pleas, which were sustained by the court, and this is the error complained of by the intervenor, Z. M. Griffin.

*Amzi Bradshaw,* for appellant.—The demurrer admits the allegations in the bill of intervention, and the allegations are sufficient. (See 1 Story's Eq., Secs. 655–657.) It is not now deemed necessary to state in the bill any particular ground of equitable interference. (Story's Eq., Sec. 658.) That a joint tenant can convey his interest in the land, or any part thereof, and that the purchaser becomes a joint tenant, or tenant in common with the others, and can intervene in any suit and have his interest partitioned, or set apart to him, is not an open question. (Burleson v. Burleson, 28 Texas.)

Each tenant, after partition, holds his interest, as it were, by warranty from the others. (Ross v. Anderson, 25 Texas Sup., 355.) Suppose the other tenants had consented to Griffin's division and it had conflicted with a superior title in another, each tenant would be responsible to Griffin, as it were, upon these covenants of warranty; and Griffin could disregard the division and have another one, or he could sue upon the covenants of warranty. If, then, each joint tenant is responsible to the other for his interest, and if each has to defend the other as against strangers, can they, as between themselves, disregard the interest of one and take his land, money and improvements? If they can, then the court did right in sustaining plaintiff's exceptions to Mrs. Dunnovant's plea, and Griffin's plea of intervention, and this court should affirm the judgment. Otherwise the judgment

must be reversed. If the suit was for the purpose of trying title between Mrs. Dunnovant and a third person, Griffin, holding under her, would not be a necessary party, because if a judgment was obtained against Mrs. Dunnovant the sheriff would be instructed to dispossess her and all others holding under her. (Portis v. Hall, 30 Texas, 568–9 ; Harper v. Hall, 30 Texas, 158.)

But as it is, Griffin having a joint interest with the others, is a necessary party. The law is that one joint tenant cannot convey a specified part of the land ; equity is that one joint tenant cannot convey a specified part of the land so as to injure his co-tenants. (Good v. Combs, 28 Texas, 51.) In the case of Burleson v. Burleson, 28 Texas, 419, the court says : " Like a purchaser from one joint tenant of a specific part by metes and bounds of an undivided tract of land, a court of equity, in the partition of the land, will protect him in the purchase, if the other tenants in common can be satisfied by assigning them other portions of the tract equal in value to their interest in the whole tract ; and the interest of the vendor will be located upon the part thus sold, and will inure to the interest of his vendee.

The same rule is established in the case of McKey v. Welch, 22 Texas, 396 (Story's Eq., Secs. 655–657); and if necessary a court of equity will by its decree adjust all the equities and rights of the parties interested in the estate, and will, if necessary for this purpose, give special instructions to the commissioners and make the proper decree, without the report of the commissioners of partition. (Story's Eq., Sec. 656b; Grassmeyer v. Beson, 18 Texas, 753.) The intervenor has stated everything in his plea that is required ; he has stated that at the time of his purchase he did not know but the entire tract was Mrs. Dunnovant's ; he has stated the forty acres is not more than an average in value of the remainder of the

tract; that if there is any difference, Mrs. Dunnovant has an undivided interest in the same tract sufficient, and more than sufficient, to satisfy the difference ; that there are several tracts of land in different counties amounting in the aggregate to some 4000 or 5000 acres. A court of equity could assign one entire tract to one joint tenant, another to another, if it would be to the interest of the parties. Appellant has asked that if there is any difference in value between the forty acres and the balance of the tract, that the commissioners value the same, and that he be allowed to pay the difference in money. Each and every one of these equities have been denied the appellant. They have got his land, his money and his improvements, and a court that should be a court of equity has denied him redress.

*Ferris & Getzendaner*, for appellees.—The only question to be determined is, was there error in sustaining the exceptions to the petition of intervention by Z. M. Griffin? And we hold there was none.

The petition of Griffin sets up a conveyance to him by Mary M. Dunnovant, one of the heirs of Samuel Lowry, deceased, of forty acres of the land, by metes and bounds, admitting that she was joint tenant only with the other heirs.

"It is well settled that one joint tenant or tenant in common cannot convey a distinct portion of the estate by metes and bounds." (McKey v. Welch, 22 Texas, 396 ; Dorn v. Durham, 24 Texas, 376 ; Good v. Combs, 28 Texas, 51 ; Hanks v. Enloe, 33 Texas, 627.)

But the appellant claims that a different rule obtains in a court of equity ; that he has an equitable right which the courts will protect. We submit that the contrary will appear from an inspection of the record. This suit for partition was brought in June, 1867. The sale to

Griffin was in October, 1869, for forty dollars.   *   *   *
The heirs were proper parties in the partition. In September, 1869, Mary M. Dunnovant, one of the heirs, executes a power of attorney to W. H. Griffin, in Johnson county, with authority to sell real estate generally, "to approve of partition," "to bring suit for partition," etc. In consideration of forty dollars, W. H. Griffin, as agent, conveys forty acres of land out of the T. D. Clark survey, by metes and bounds, to appellant, Z. M. Griffin, in October, 1869; this, too, pending the suit for partition, and more than two years after the suit was brought, and while service was being perfected on the heirs living in another State; this, too, when Griffin's power of attorney, on its face, anticipated a partition. And in April, 1871, said W. H. Griffin files the answer as attorney for Mrs. Dunnovant, praying also for partition, and claiming that she owned only an undivided one-fourth interest. What right had Griffin to sell as agent a part of the land, pending the suit for partition? What right has Z. M. Griffin, the intervenor, to this particular forty acres (and that is what he prays for), purchased pending the suit? What right has he to a judgment against the defendants (and he prays for it) for improvements or purchase money? If such a proceeding is tolerated, a partition of lands between heirs could be indefinitely postponed, and finally defeated. Some one of the heirs, between courts, could make a sale of a small lot, and the purchaser claim that he had paid for it, and made improvements, and thus from court to court new parties and new issues would be added without end.

The case of Burleson v. Burleson, 28 Texas, 419, cited by appellants, is very different from this, and the language of the court quoted is *dicta* of the judge. A case may be presented when a court of equity would interfere

to protect a purchaser from a tenant in common; but we submit that this is not such a case. Will a court of equity permit a party to intervene in a suit to partition several large tracts of land, to inquire if a lot of forty acres, costing forty dollars, purchased without authority of law, and from one who did not own the land, shall not be specifically set apart to him, and that too upon allegations not even sworn to?

If the intervenor has any right of action, it is upon the deed of Mary M. Dunnovant and upon her covenants of warranty, and against the heirs of Mrs. Dunnovant only. In the language of Judge Wheeler, in Burditt v. Glasscock, 25 Texas Supplement, 48, "There is no privity between him and the plaintiffs. His right of action, if he have one, is upon an independent contract between himself and one of the defendants, distinct from the cause of action between the plaintiffs and defendants, on which the suit was brought. That cannot give him a right to intervene between the parties to this suit."

The right to intervene is always upon the provision "that the principal suit be not delayed to the prejudice of the other parties litigant." (Smalley v. Taylor, 33 Texas, 668.) We submit that if the intervenor has any cause of action at all, it is only against one party in this suit, and that the appellant should not be permitted to intervene and delay the partition of several large tracts of land among the heirs, who need the lands they are entitled to, and who have been for several years seeking a legal partition in this suit.

OGDEN, P. J.—This suit was originally brought by the heirs of Samuel Lowry, deceased, for a partition of the lands belonging to the estate. Mrs. Mary M. Dunnovant, one of the heirs, answered, claiming the right to have certain portions of the land belonging to said estate set

apart to her and her vendees. Z. M. Griffin intervened and claimed a certain specific forty acres of the land in controversy by reason of his purchase from Mrs. Dunnovant, one of the heirs, since the institution of this suit. To his plea of intervention the plaintiffs excepted, and their exceptions having been sustained, the plea of intervention was dismissed, and the intervenor, Griffin, has appealed. It must be understood that Mrs. Dunnovant nor her heirs have joined in this appeal, and, in consequence, we are not called upon to consider or determine her rights as against the plaintiffs, nor to settle the rights or liabilities as between her and the appellant, Griffin. But we must determine from the record and the law what rights, if any, Griffin has as against the heirs of Samuel Lowry, and which the courts should enforce in this suit.

He had purchased the forty acres claimed by him from Mrs. Dunnovant during the pendency of this suit, and with a full knowledge, either actual or constructive, of the title of his vendor and the rights of appellants, and he does not set up the equitable plea of an innocent purchaser. Has he, then, any rights which he can maintain in this suit for partition by the heirs? We think not. This question has been so often decided by this court that we deem it necessary to refer to only one or two cases where the question is definitely and destinctly settled and decided against the appellant—Good v. Combs, 28 Texas, 51; McKey v. Welch, 22 Texas, 396. Had the appellant alleged that he was an innocent purchaser without notice, or had he set up any other equities which could only be adjusted by his intervention in this suit, he then might, with propriety, have claimed a right to a hearing. But as he wholly failed in this, we think the court did not err in sustaining the exceptions to his plea of intervention. And the judgment is affirmed.

AFFIRMED.